**UNITED STATES of America,**
**Appellee,**

v.

**Christopher PINNEY, Defendant–**
**Appellant.**

**No. 12–3954–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 9, 2013.

Lisa Peebles (Timothy Austin & Molly Corbett on the brief), Federal Public Defender, Albany, NY, for Defendant–Appellant.

Rajit S. Dosanjh (Richard D. Belliss, on the brief) for Richard S. Hartunian, United States Attorney for the Northern District of New York, for Appellee.

PRESENT: AMALYA L. KEARSE, DENNIS JACOBS, CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Christopher Pinney pled guilty to violating two conditions of his supervised release; he now argues that one of those conditions is unconstitutional. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). If a "party consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review." *United States v. Yu–Leung*, 51 F.3d 1116, 1122 (2d Cir.1995).

Pinney expressly agreed that the challenged condition be added to the terms of his release and waived his right to a hearing and assistance of counsel. He later pled guilty to violating the condition and proceeded to sentencing without raising any objection, constitutional or otherwise, to its terms. Instead, Pinney urged the district court to be lenient based primarily on his need for significant supervision from the Probation Office. Given that the constitutional infirmities Pinney now cites were obvious from the wording of the condition, Pinney evidently made a tactical decision to forgo raising constitutional issues in favor of sentencing-based arguments. Pinney therefore waived his objections to the condition.

We have considered all of Pinney's remaining arguments and conclude that they are without merit. The judgment of the district court is hereby affirmed.